**In re Raymond J. TESSIER and Pamela Y. Tessier, Debtors.**

No. 04–22328.

United States Bankruptcy Court, D. Connecticut.

Nov. 2, 2005.

Stephen F. Cashman, Esq., Hartford, CT, Counsel for Debtors.

Walter J. Onacewicz, Esq., Nair & Levin, P.C., Bloomfield, CT, Counsel for Arcadia Financial Ltd.

*RULINGS ON DEBTORS' OBJECTION TO CLAIM AND CREDITOR'S MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## I.

Raymond J. Tessier and Pamela Y. Tessier ("the debtors"), filed a Chapter 13 bankruptcy petition on August 3, 2004 and the court confirmed their plan on May 10, 2005. Presently before the court are the debtors' objection to the claim of Arcadia Financial Ltd. ("Arcadia") and Arcadia's motion to modify the debtors' Second Amended Chapter 13 Plan ("Arcadia's motion"). At the hearing on the objection and motion, held on September 13, 2005, the parties agreed to submit a joint stipulation of facts ("the stipulation") and memoranda of law in support of their positions. The following factual information is derived from the stipulation and documents filed with the court in the debtors' bankruptcy case.[1]

---

1. "It is generally accepted that a bankruptcy judge may take judicial notice of the bankruptcy court's records" pursuant to Fed.

## II.

### BACKGROUND

Arcadia first filed a proof of claim (Claim # 6, filed on September 20, 2004) in the debtors' case, followed by an amended proof of claim (Claim # 11, filed on November 15, 2004) as holder of a note, then in default, secured by the debtors' 1996 Oldsmobile ("the vehicle"). The debtors initially submitted a proposed plan under which, inter alia, they would cure the arrearage on the Arcadia note, retain the vehicle and make no payments on unsecured claims. Arcadia was served, on October 19, 2004, with notice that a hearing on plan confirmation was scheduled for December 14, 2004. Arcadia filed no objection and did not appear at the hearing, which the court continued to March 22, 2005, and then to May 10, 2005.

Arcadia, on December 27, 2004, filed an uncontested motion for relief from stay in order to obtain possession of the vehicle, which the court, on January 18, 2005, granted. "There was no agreement between the parties that Arcadia ... would repossess the motor vehicle in full satisfaction of the debt." (Stipulation ¶ 7.) After Arcadia had sold the vehicle at auction, it filed amended proofs of claim (Claim # 13, filed on April 21, 2005, and Claim # 14, filed on September 26, 2005) to assert its unsecured claim for a deficiency. The debtors, on April 7, 2005, submitted a First Amended Chapter 13 Plan, under which general unsecured creditors would still receive nothing, but the plan provided: "Arcadia Financial LTD has possession of Debtor's Olds Bravada in full satisfaction of the debt owed to Arcadia, as was secured by the Bravada." (First Amend.

R.Evid. 201. Barry Russell, *Bankruptcy Evidence Manual* § 201.5 (2005 ed.).

Plan ¶ 4) ("the satisfaction provision"). Arcadia filed no objection to the First Amended Plan.

On May 10, 2005, the day of the confirmation hearing, the debtors filed amended schedules of income and expenses and a Second Amended Chapter 13 Plan, a copy of which was mailed that day to Arcadia. The Second Amended Plan provided for full payment of all general unsecured claims, but retained the satisfaction provision. (Second Amend. Plan ¶ 4.) The court confirmed the Second Amended Plan.

The debtors, on June 15, 2005, filed an objection to Arcadia's deficiency claim ("the debtors' objection") in Claim # 13.[2] Arcadia, on July 26, 2005, filed its motion.

## III.

### ARGUMENTS OF THE PARTIES

The debtors argue that (1) Arcadia's proofs of claim were untimely filed; and (2) that Arcadia is bound by the satisfaction provision.

Arcadia contends that (1) its proofs of claim for its unsecured deficiency claim were amendments to its timely proof of claim (Claim # 6); and (2) that the debtors' filing and serving the Second Amended Plan on the day of the confirmation hearing gave Arcadia no opportunity to file an objection to such plan.

## IV.

### DISCUSSION

#### A.

##### Timeliness of Proof of Claim

■ The debtors argue that Arcadia's Proof of Claim # 13 was untimely because

the bar date for filing proofs of claim was December 13, 2004. As amendments to a timely filed proof of claim, Arcadia's proofs of claim (# 13 and # 14) for its deficiency claim relate back to September 20, 2004, the date its original proof of claim (# 6) was filed. *See In re Enron,* 419 F.3d 115, 133 (2d Cir.2005) ("[T]he bankruptcy rules permit courts to accept late-filed *amendments* to timely filed proofs of claim.... Courts ... examine .... if an amendment does, in fact, relate back to the timely filed claim ... and determine whether it would be equitable to allow the amendment.") (citations and internal quotation marks omitted). The debtors' contention that Arcadia's Claims # 13 and # 14 are untimely is overruled.

#### B.

##### Effect of Plan Confirmation

■ The debtors contend that, notwithstanding that they served a copy of the Second Amended Plan only on the day of the confirmation hearing, Arcadia had received a copy of the First Amended Plan containing the same satisfaction provision and had filed no objection thereto. They cite in support Bankruptcy Code § 1327(a) ("[t]he provisions of a confirmed plan bind the debtor and each creditor"). The satisfaction provision, however, was of no effect under the provisions of the First Amended Plan since, even if it had been deleted, Arcadia would have still received nothing on its unsecured deficiency claim. Arcadia asserts that it, therefore, had no reason to object to the First Amended Plan. Under the Second Amended Plan, however, the effect of such language was to create two disparate classes of unsecured creditors:

---

**2.** Claim # 13 alleged a deficiency of $6,272.87, which Claim # 14 reduced to $3,833.87.

Arcadia, which would receive no distribution and all others, which would receive 100% of their allowed claims. Arcadia argues that the last-minute revision affected its substantive rights without providing adequate notice and an opportunity to be heard.

The court accepts Arcadia's assertion that it filed no objection to the satisfaction provision of the First Amended Plan because such language had no effect on its deficiency claim in the context of that plan's other provisions. In the context of the Second Amended Plan, however, the language at issue takes on paramount significance, reducing a claim otherwise payable at 100% to zero. Under such circumstances, the court concludes that notice to Arcadia of the First Amended Plan was insufficient to apprise it of the modification of its rights under the terms of the Second Amended Plan. Arcadia is not bound by the res judicata effect of the confirmed plan and the debtors' objection on that basis to Arcadia's deficiency claim is overruled. *See In re Linkous,* 990 F.2d 160, 162 (4th Cir.1993) (when secured creditor's rights were affected by Chapter 13 plan, such provisions were not binding to extent that confirmation order was entered in violation of creditor's due process rights which require notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections); *Cf. In re Basham,* 167 B.R. 903, 907 (Bankr.W.D.Mo. 1994) (where secured creditor had adequate notice that confirmation of Chapter 13 plan would provide for surrender of collateral in full satisfaction of debt, and had, under totality of circumstances test, adequate opportunity to challenge plan prior to confirmation, creditor is bound by plan).

## V.

### CONCLUSION

In accordance with the foregoing discussion, the debtors' objection to Arcadia's deficiency claim is overruled, and Arcadia's motion to modify the order confirming the Second Amended Plan thereby becomes moot. It is

SO ORDERED.

### JUDGMENT

This debtors' objection to the proofs of claim (Claims # 13 and # 14), filed by Arcadia Financial Ltd., came on for hearing before the Court, Honorable Robert L. Krechevsky, United States Bankruptcy Judge, presiding, and the issues having been duly heard and a ruling having been duly rendered, it is

ORDERED AND ADJUDGED that the debtors' objection is overruled, and that Arcadia's Claim # 14 is an allowed unsecured claim.